IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John L. Eady, M.D., | ) | C.A. No. 3:12-cv-1671-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | DENYING MOTION |
| | ) | TO RECONSIDER |
| David E. Koon, Jr., M.D., in his individual capacity; Frank R. Voss, M.D., in his individual capacity; John J. Walsh, IV, M.D., in his individual capacity; University of South Carolina School of Medicine; Palmetto Health, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| David E. Koon, Jr., M.D.; Frank R. Voss, M.D., and John J. Walsh, IV, M.D., | ) ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John L. Eady, M.D., in his individual capacity, | ) ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendants/Counterclaim Plaintiffs ("U.S.C. Surgeons") to reconsider the order substituting the United States ("Government") as counterclaim Defendant for John L. Eady, M.D. ("Dr. Eady") and dismissing the counterclaims against Dr. Eady. Dkt. No. 41. The court entered the challenged order based on its finding that the U.S.C. Surgeons had not satisfied their burden of establishing that the alleged defamatory statements underlying the counterclaims fell outside the scope of Dr. Eady's employment at Dorn Veterans Affairs Medical

Center ("Dorn VAMC"). For the reasons set forth below, the court denies the motion to reconsider.

## STANDARD

Pretrial rulings remain subject to reconsideration by the trial court "and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While this standard allows the trial court to conduct a *de novo* review of its pretrial rulings, countervailing considerations suggest the court should modify a prior ruling only when the court is convinced that a prior ruling was incorrect or that changes in the record or the stage of the proceeding justify modification. *See generally* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 18A Federal Practice and Procedure § 4478.1 (2d ed. as supplemented through 2010) (discussing competing interests).

The grounds for review of non-final rulings are not, therefore, as constrained as those applicable to review of judgments. *See generally Saint Annes Devel. Co. v. Trabich*, 443 Fed. Appx. 829, 832 (4th Cir. 2011) (reversing district court for applying Fed. R. Civ. P. 59(e) standard to non-final ruling). Although not limited by the Rule 59(e) standard, the court finds that standard instructive as a general guide for considering when modification of a non-final ruling may be appropriate. *See generally Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (recognizing three limited grounds for relief under Rule 59(e) – (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice – and noting that a party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion).

## DISCUSSION

As explained in this court's prior order, once the Government presented a certification that

Dr. Eady acted within the scope of his employment and an explanation of the reasons for that certification, the burden shifted to the U.S.C. Surgeons to prove by a preponderance of the evidence that Dr. Eady acted outside the scope of his employment. *See*, *e.g.*, *Maron v. United States,* 126 F.3d 317, 323 (4th Cir. 1997) (noting that, while the burden of production may shift, the burden of proof remains on the opponent of certification to persuade the court that the employee acted outside the scope of his employment). Moreover, "[a]t all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues." *Borneman v. United States* 213 F.3d 819, 827 (4th Cir. 2000).

Through their motion to reconsider, the U.S.C. Surgeons draw the court's attention to certain aspects of three of the allegedly defamatory communications. They argue that these aspects of the communications cause them to fall outside both the rationale underlying the earlier order and the scope of Dr. Eady's employment. Specifically, they argue that the court's stated rationale would not support finding the following communications were within the scope of Dr. Eady's employment: (1) the email to the residency accreditation entity ("ACGME") to the extent it was copied to persons other than representatives of ACGME; (2) the draft of a memorandum to a review panel to the extent it was provided to Dr. Eady's attorney; and (3) comments about Dr. Koon contained in Dr. Eady's letter to Assistant United States Attorney Emory Clark ("AUSA Clark").

The court has carefully reviewed the underlying documents and considered the U.S.C. Surgeons' arguments. Having done so, the court again concludes that the U.S.C. Surgeons have failed to establish by a preponderance of the evidence that these aspects of these three communications fall outside the scope of Dr. Eady's employment.

**Email to ACGME (Eady 665)**. The court has already determined that Dr. Eady's

3

communications with ACGME fell within the scope of his employment as they were "connected to serving the interest of his employer because his contact with the residents and his interest in having residents perform rotations at Dorn VAMC existed because of his role as Chief of the Orthopaedic Service." Dkt. No. 41 at 11. The court also noted that "even if Dr. Eady overstepped in initiating [one such] communication, it is clear that he did so in his professional capacity as an employee of Dorn VAMC." *Id.*

While Dr. Eady's reasons for writing to ACGME might be somewhat different from his reasons for copying the same communication to a resident who was complaining about the residency program or his suspension from it, the same rationale applies. Because of his duties as Chief of the Orthopaedic Service, Dr. Eady was responsible for Dorn VAMC's orthopaedic residency program. His communications with residents, former residents, or legal representatives of such persons about the residency program or any particular resident's participation would, therefore, have been made because and in furtherance of Dr. Eady's professional duties. This would be true even if the resident or his attorney wrote directly to Dr. Eady and he to them regarding the residency program without including ACGME in the communication. It follows that Dr. Eady's decision to copy the resident and his attorney (which for present purposes the court assumes was an affirmative decision and not simply a mistake) on an email to ACGME relating to the resident's complaints would not cause the communication to fall outside the scope of Dr. Eady's employment.[1]

---

[1] The attorney copied is the attorney who represents Dr. Eady in this action. The same attorney represented the former resident in a separate matter at some point in time. From the context of the email, it appears likely the attorney was copied on the email because of his representation of the former resident, not because of his representation of Dr. Eady.

Even if the attorney was copied as counsel for Dr. Eady, it would not defeat a finding that the communication fell within the scope of employment. This is because the natural inference would be that Dr. Eady was copying his counsel due to some concern relating to performance of his job which would be subject to protection for reasons discussed below regarding the draft memorandum to the

4

**Draft memorandum to review panel (Eady 651-59).** The U.S.C. Surgeons argue that one of the documents on which they rely is a *draft* of a letter sent to Dr. Eady's counsel, not a document sent to his superiors at Dorn VAMC. Based on this assumption, they argue that the document falls outside the parameters under which this court made its earlier determination that this document falls within the scope of Dr. Eady's employment, that is, that it was a communication to his superiors regarding an actual or threatened suspension from employment.

As an initial matter, it is not entirely clear whether Dr. Eady sent this document to his attorney prior to institution of this action or merely provided it to his counsel in the course of discovery. *See* Dkt. No. 45 at 4 (Dr. Eady's response suggests the document was first provided to counsel during the course of disclosures in this action and, consequently, could not be the source of a defamation claim even if publication to counsel otherwise sufficed to support such a claim). The court need not determine which scenario is correct, because it concludes that an employee does not act beyond the scope of his employment if he discloses a draft of an employment-related document to his own counsel, at least where the final document would be within the scope of employment, as this one was for reasons stated in this court's earlier order. Dkt. No. 41 at 9-10.

**Comments in letter to AUSA Clark regarding malpractice claim (Eady 602).** Dr. Eady's letter to AUSA Clark focused on Dr. Voss's alleged responsibility for the negative outcome of a patient who then filed a malpractice action against Dorn VAMC. The comment about Dr. Koon, while far more limited, is not wholly extraneous because it relates to a notation made about the same patient: a notation Dr. Eady suggests was false or misleading. The comment about Dr. Koon, therefore, falls within the scope of Dr. Eady's employment for the same reasons the remainder of the

---

review panel.

5

letter falls within the scope of his employment. *See* Dkt. No. 41 at 11 (finding that the letter fell within the scope of Dr. Eady's employment because he "was responding to inquiries directed to him as Chief of the Orthopaedic service" and "even if he had a personal motive for casting blame on one of the U.S.C. Surgeons, he was acting within the scope of his duties in addressing the potential causes of the negative outcome and resulting malpractice claim.").

The U.S.C. Surgeons also suggest that the comment about Dr. Koon falls outside the scope of Dr. Eady's employment because Dr. Eady should have reported the alleged misstatement sooner if it was, in fact, a false statement. While such an argument may be relevant to the merits of the defamation claim (that is, the veracity of Dr. Eady's assertion), it has no bearing on whether Dr. Eady's statement about Koon falls within the scope of his employment.[2]

## CONCLUSION

For the reasons set forth above, the court again concludes that the U.S.C. Surgeons have failed to demonstrate by a preponderance of the evidence that Dr. Eady acted outside the scope of his employment. The motion to reconsider is, therefore, denied.

IT IS SO ORDERED.

                                                          s/ Cameron McGowan Currie
                                                          CAMERON MCGOWAN CURRIE
                                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 29, 2013

---

[2] To hold otherwise would be to hold that delay in performance of a duty causes the performance of the duty to fall outside of the scope of employment. Thus, for example, a supervisor who failed to immediately report a theft by a subordinate would be held to have acted outside the scope of employment if he later reported the theft. This court is aware of no support for such a proposition.